UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN B. LONG, et al.,<br><br>      **Plaintiffs**<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>      **Defendant.** | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 14-0807 (CRC)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiffs Susan B. Long, et al., and Defendant, United States Department of Homeland Security, United States Immigration and Customs Enforcement, (collectively, the "Parties"), by and through their undersigned counsel, hereby enter into this Stipulation of Settlement and Dismissal ("Stipulation") in the above-captioned litigation. Specifically, the Parties stipulate and agree as follows:

### RECITALS

1. On November 18, 2013, Susan B. Long and David Burnham (collectively "Plaintiffs" or "TRAC") submitted a Freedom of Information Act ("FOIA") request to United States Immigration and Customs Enforcement ("ICE"), a component of the Department of Homeland Security, for disclosure of "[a]ll information ["data"] currently recorded in: (i) the Enforcement Integrated Database, (ii) ICE's Integrated Decision Support system, (iii) the General Counsel Electronic Management System, and (iv) the U.S. Customs and Border Protection data repositories/data warehouses/data marts.

2. On May 15, 2014, Plaintiffs filed the instant Complaint.

3. On June 29, 2015, the Court issued a Memorandum Opinion and Order granting Plaintiff's Cross-Motion for Summary Judgment as to Count I and granting Defendant's Motion to Dismiss Count II of the Complaint.

4. Since entry of judgment, the parties have been engaged in negotiations concerning Defendant's payment of attorneys' fees and costs, and the parties wish to resolve any further disputes concerning the payment of such fees and costs without further litigation; and pursuant to the terms and conditions contained herein.

5. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

## STIPULATION

6. In consideration of the settlement amount contained herein and the other terms of this Stipulation, this action is dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

7. Defendant shall pay Plaintiff the amount of Forty-Five Thousand, Three Hundred and Sixty-Nine Dollars ($45,369.00), pursuant to 5 U.S.C. § 552(a)(4)(E), which sum Plaintiff agrees to accept as full and complete satisfaction of Plaintiff's claims for attorneys' fees, costs, and litigation expenses in the above captioned matter, and is inclusive of any interest.

8. Defendant shall make payment of the total settlement amount, set forth in Paragraph 2 above, by electronic transfer of funds to David L. Sobel, on behalf of Plaintiffs. Payment shall be made as promptly as practicable, consistent with the Defendant's normal processing procedures, after this stipulation is approved by the Court and Plaintiff's counsel

provides the necessary information for the electronic funds transfer to the undersigned Assistant United States Attorney. Plaintiff has been informed that payment of the settlement amount may take up to 45 days from the date that the Court approves the stipulation.

9. Upon the execution of this Stipulation, Plaintiff hereby releases and forever discharges the United States, its agencies, departments, officers, employees, servants, and agents, including Defendants, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this litigation involving the adjudication of Plaintiff's fee requestor status, including but not limited to all past, present, or future claims for attorneys' fees, costs, or expenses of any kind, however denominated, relating to services performed in connection with this matter involving the adjudication of Plaintiff's fee requestor status.

10. This Stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, the United States Department of Homeland Security, their agents, servants, employees, or officers, and is entered into by the Parties for the purpose of compromising disputed claims and avoiding the expense and risks of further litigation.

11. Plaintiff represents and warrants that it is the sole and lawful owner of all rights, title and interests in and to every claim and other matter that it purports to release herein, and that it has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. The Plaintiff shall indemnify the Defendants, and any of its departments, components and current or former employees, whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

12. Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of the Plaintiff. This settlement agreement is executed without reliance upon any representation by Defendants as to tax consequences, and Plaintiff is responsible for the payment of any taxes that may be associated with the settlement payments.

13. This settlement agreement contains the entire agreement between the parties hereto, and Plaintiff acknowledges and agrees that no promise or representation not contained in this agreement has been made to it, and acknowledges and represents that this settlement agreement contains the entire understanding between the parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this settlement agreement reflect any agreed upon purpose other than the desire of the parties to reach a full and final conclusion of the litigation and to resolve that suit without the time and expense of further litigation.

14. The Parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against the United States, the United States Department of Homeland Security, or any agency or instrumentality of the United States. The United States expressly reserved the right to contest any hourly attorney's fee rate sought in any other case, and nothing contained herein is intended as an admission that any such rate is reasonable under the FOIA or any other fee-shifting statute.

15. The Parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this agreement or any term or provision hereof.

16. This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

17. Upon execution of this Stipulation by all Parties hereto, the Stipulation of Settlement and Dismissal shall be binding upon and inure to the benefit of the Parties and their respective heirs, personal representatives, administrators, successors, and assigns. Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation on behalf of his or her client(s).

18. Execution and filing of this Stipulation of Settlement and Dismissal by counsel for the Parties shall constitute a dismissal of this action, with prejudice.

Dated: August 25, 2015

[Remainder of page intentionally left blank]

Respectfully submitted,

| | |
|---|---|
| /s/ David L. Sobel<br>DAVID L. SOBEL<br>D.C. Bar No. 360418<br>5335 Wisconsin Avenue, N.W.<br>Suite 640<br>Washington, D.C. 20015<br>Telephone: 202-246-6180<br>Electronic Mail: sobel@att.net<br><br>Attorney for Plaintiffs | VINCENT H. COHEN, JR.<br>D.C. Bar Number 471489<br>Acting United States Attorney<br><br>DANIEL F. VANHORN<br>D.C. Bar Number 924092<br>Chief, Civil Division<br><br>/s/ Marian L. Borum<br>MARIAN L. BORUM<br>D.C. Bar Number 435409<br>Assistant United States Attorney<br>United States Attorney's Office<br>Civil Division<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 252-2510<br>Facsimile: (202) 252-2599<br>Email: Marian.L.Borum@usdoj.gov<br><br>Attorneys for Defendant |